UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                        :

UNITED STATES OF AMERICA,            :

                                       :           04 Cr. 411 (GEL)

          -v-                       :

                                       :         **OPINION AND ORDER**

ANGELO ARIAS,                     :

                                       :

                          Defendant.     :
-----------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

       In this criminal prosecution, defendant Angelo Arias has issued a subpoena to David S.

Smith, Esq., an attorney who represents a potential cooperating witness ("CW") at defendant's

upcoming trial.  Arias seeks three categories of information: (1) notes or documents concerning

proffers or meetings between CW and the United States Attorney; (2) documents provided to

Smith by the United States Attorney in connection with the prosecution of CW; and (3) any

documents obtained by Smith in connection with that prosecution.  By letter dated April 15,

2005, Smith moves to quash the subpoena.  The motion will be granted.

       Insofar as the subpoena seeks notes taken by a defense attorney during proffer sessions

preceding or following CW's entry into a cooperation agreement with the Government, the case

stands on all fours with United States v. Jacques Dessange, Inc., No. S2 99 Cr. 1182 (DLC),

2000 WL 310345 (S.D.N.Y. Mar. 27, 2000).  The Court is in full agreement with Judge Cote's

well-reasoned opinion in that case, holding that notes taken by a defense lawyer in this situation

are work product protected against discovery.

       There is no question that notes taken by a criminal defense attorney during meetings

between his client and the Government are taken in anticipation of litigation.  That is clearly the

case for any proffer sessions that precede resolution of the client's case, but it is also true of notes taken at subsequent proffer sessions after the client has entered a cooperation agreement. A competent defense lawyer will take notes during such sessions in anticipation of issues that may arise at sentence, and to safeguard against the possibility that misunderstandings during the debriefings could result in revocation of the cooperation agreement and further prosecution of the client. Clearly such materials are "created because of anticipated [indeed, existing] litigation, and would not have been prepared in a substantially similar form but for the prospect of that litigation." United States v. Adlman, 134 F.3d 1194, 1195 (2d Cir. 1998). Smith represents that his notes are "not a verbatim transcript of the interviews," but rather "notes . . . that I, using my own legal analysis, determined were important to memorialize in order to properly counsel my client. . . . [which] reflect my impressions and beliefs." (Letter of David S. Smith, Esq., to the Court, dated April 15, 2005, at 2-3.) Courts have accepted such representations, see Dessange, 2000 WL 310345 at*3, United States v. Paxson, 861 F.2d 730, 735 (D.C. Cir. 1988) (referring to district court's reliance on subpoenaed attorney's "unchallenged representation" to the court), and with good reason: it is to be expected, in the ordinary course, that this is precisely what notes taken under these circumstances would contain. Arias offers no reason to expect that Smith's notes contain anything different.

Since the notes constitute work product, they are privileged. Fed. R. Civ. P. 26(b)(3); Hickman v. Taylor, 329 U.S. 495, 510-11 (1947). Moreover, as material reflecting an attorney's opinions, conclusions, mental impressions or legal theories, they are subject to a heightened standard of protection. Upjohn Co. v. United States, 449 U.S. 383, 401 (1981). Indeed, there is authority suggesting that in criminal cases, that protection is even *further* heightened; the Second

Circuit has indicated that in "a criminal case, except for scientific or medical reports [discoverable under Fed. R. Crim. P. 16(b)(2)], documents made by a defendant's attorneys . . . in connection with the case are not discoverable." In re Grand Jury Subpoenas, 959 F.2d 1158, 1166 (2d Cir. 1992). At a minimum, such materials should not be discovered absent "an adequate showing of substantial need for the document and an inability to obtain its contents elsewhere without undue hardship." Adlman, 134 F.3d at 1202-03.

Arias has made, and can make, no such showing. Arias's need is to have an account of prior statements made to the Government by a witness against him. That is a significant interest, but it is adequately met by the requirement of 18 U.S.C. § 3500 that the Government turn over all of *its* records of the witness's statements. In this case, the Government has represented that it will turn over all notes, as well as any formal reports, of the proffer session. While of course it is possible that Smith's notes will contain material not contained in government agents' notes, the possibility of fuller disclosure is outweighed by the risk of invading defense counsel's thoughts and strategies. Accordingly, this Court joins those that have held that such notes are not discoverable without a greater showing of need than has been made here.

What has been said largely disposes of the other aspects of the subpoena. Documents otherwise discoverable are not privileged simply because they are in the possession of a lawyer. If Arias sought particular, identifiable materials from Smith, they would not necessarily be protected by either the attorney-client or work-product privilege. But Arias has not subpoenaed identifiable specific materials. Instead, he has subpoenaed whatever documents Smith obtained (or, more narrowly, obtained from the Government) in connection with his defense of CW. These materials have by definition been collected by, and reflect the mental impressions and

3

strategies of, defense counsel.  In effect, Arias seeks the entire contents of a defense lawyer's file,

apart from the lawyer's own notes (which are separately sought in the first portion of the

subpoena).  Such "documents" could include copies of case law or other legal research, materials

subpoenaed from third parties, and discovery provided by the Government.  To the extent that

such documents came from the Government, and are discoverable by Arias, they presumably

have been provided by the Government pursuant to Rule 16; to the extent they came from the

Government and are *not* discoverable by Arias under Rule 16, Arias may not subpoena a co-

defendant or related party to make an end-run around the discovery limitations of Rule 16; to the

extent they were gathered by defense counsel's own investigation, their disclosure would plainly

reflect defense counsel's mental impressions and strategies, and are therefore work product.

"In performing his various duties . . . it is essential that a lawyer work with a certain

degree of privacy, free from unnecessary intrusion by opposing parties and their counsel."

United States v. Nobles, 422 U.S. 225, 237 (1975).  Defendant's subpoena, if authorized by the

Court, would deter defense attorneys from doing their jobs in the most effective way possible.

"Were such materials [as those sought by Arias] open to opposing counsel on mere demand,

much of what is now put down in writing would remain unwritten.  An attorney's thoughts,

heretofore inviolate, would not be his own. . . . And the interests of the clients and the cause of

justice would be poorly served."  Id. at 237-38.

Accordingly, Smith's motion to quash the subpoena is hereby granted.


SO ORDERED.

Dated:        New York, New York
              April 19, 2005

GERARD E. LYNCH
United States District Judge